Case number 3-18-0405. People of the State of Illinois, Appalachia, by Tom Sereno v. Ricardo Gutierrez, appellant by Todd McHenry. Mr. McHenry. Good afternoon. Good afternoon. May it please the Court, I'm Todd McHenry and I represent Ricardo Gutierrez. With the Court's permission, I'd like to reserve two minutes for rebuttal. You get five. Okay, thank you. There are two issues before the Court. I'd like to focus the attention, I'm happy to answer questions on either, but I'd like to focus the attention on the first issue, which is that this case should go back for a reverse and remand for the State to have an opportunity to try Mr. Gutierrez if the State so chooses. But his inculpatory statement should be suppressed at that new trial. Procedurally, this case is somewhat interesting because it's been remanded once for an attenuation hearing, after this Court has found that the police illegally arrested Mr. Gutierrez, and the question was simply whether or not his statements were somehow attenuated from that illegal arrest. It went back for an attenuation hearing. The State did not present any new evidence. Argument was had on it. The State argued that the hugest factor of attenuation was the co-defendant Estudia's inculpatory statement, her confession that was given in a squad car, and then also confessions that were made at the police station. The finding in her appeal was no confession in the squad car, I think, but confession at the station. I might be wrong. She did confess, certainly in the squad car, but it was deemed that she was... Not the product of the derogation. Correct. Well, she was technically considered under arrest within that decision. Anyway, I don't want to sidetrack. I'm here for you guys. So the question then was simply, are there any attenuating circumstances? The State said that the huge or the main attenuating circumstance was this co-defendant's confession. After argument happened, this Court came down with its decision in co-defendant Estudia's case, where this Court reversed and remanded for the State to have an opportunity to retry her after finding that police had used the question first, Miranda's later technique to obtain an involuntary confession from her. So in between that time, there was sort of arguments on Gutierrez's hearing. This Court's decision comes down in co-defendant's case. They go back then, and the trial court basically reads its ruling in Gutierrez's case and asks defense counsel, is there anything new that's come up, anything you want to let us know here? Counsel declined to do so. And then the Court expressly held that even though there were several factors, the hugest circumstance favoring attenuation was this statement from Estudia. So nobody at any point stood up and said, wait a minute, there's a problem here. I mean, the case law, as the State concedes, the case law clearly holds that you can't use an illegally obtained confession against, you know, as an attenuating circumstance to remove the taint of a defendant's, the illegal arrest of a defendant. So someone certainly should have stood up. We argue in our brief that, you know, obviously defense counsel had an obligation to bring forth. Where is that case now? Did the Supreme Court take it or reject it? Rejected. Yeah. So it's a no. Correct. And I'm misremembering because I was a dissent in that case. I'm misremembering thinking I was the owner. So, you know, I guess the focus of attention, you know, a lot has already been decided in this case. It sort of can't be avoided. This panel has held that the co-defendant's confession was illegally obtained. She was under arrest when she was in the car. The state doesn't take issue with a point of law that says you can't use illegally obtained confession to somehow justify, you know, an attenuating circumstance here. So based on those things, you know, obviously our argument here is that it's clear that the state had an opportunity already at a hearing, an attenuation hearing, to present any new evidence. If they had some alternative form of probable cause or something, they could have called a witness or an officer to come in and try to testify to that. They elected not to do so. Because it's already gone back once, you know, clearly the state has had an opportunity, has litigated it, but the evidence they can't rely on, the co-defendant's statements. And even though they're brief, they argue that there were comments made in the beginning of the car that should have justified, you know, that could have allowed the trial court to find attenuation. It didn't argue that below at any point in any of these cases. And, you know, you would have to ignore, as the state does, that this court has already held, that Escudia was in fact arrested when she was in the car. There was no attempt by the state to argue that there was any sort of intervening circumstances as to her statements that were made in that car. So for these reasons, it can't be used. So there's really nothing else that's been put forth by the state as evidence or that's in the record that would allow for a court to find attenuation at this point. For those reasons, you know, we ask this court to reverse and remand for, again, that the state would have an opportunity, if they have any other evidence or anything, to present against Mr. Gutierrez. Thank you. Any questions? Thank you, Mr. McHenry. Mr. Arada. Thank you, Your Honor. Good afternoon, Your Honor. Counsel. This case obviously was sent back for an attenuation hearing. Given Your Honor's special concurrence in the original opinion, I realize I might have a tougher road to hoe here, but I will still give it the old law school try. The factors that the court has to consider or a court has to consider for attenuation, there are obviously the floor, proximity, and time. Miranda writes, we're given flagrancy of police misconduct and the presence of intervening circumstances. What we seem to focus primarily on in the argument is the intervening circumstances. Obviously, there is a disagreement about the flagrancy of the police misconduct, but the defendant has focused on that in his oral argument, so therefore we shall omit to that unless there are other questions. As far as the circumstances of the case, in Escuzia's case, the trial court had found that up to the point where the Escuzia had said, I went to the truck, that portion was admissible. This court in the Escuzia decision did find that at some point the discussion the conversation that occurred in the squad car or in the police car went from a conversation to an interrogation. Our position is that the trial court has marked the line from when that occurred, and because of that, the prior... Where is that line again? The line where the defendant, the Escuzia defendant, had said, we went to the truck. We've outlined in our brief the exact points on that where she had said that... I just want you to reiterate that. Sorry? Go ahead. Oh, okay. So she had said that on cross-examination by Escuzia's counsel, Detective Segal went through what her notes were as far as that. First line saying he threatened my daughter. Next line argued about what I would do to you. Next it said, keep it going. We'll get police reports. And then there was a comment. I told Ricardo, the defendant, that I wanted to do what I wanted to do because of the threats. Ricardo and friends dropped it off, and I took a gun in the car, and R was indicated to be Ricardo. And then there's the line saying, in am, I had to bring guns to scare him. Are you on the phone? I can't understand what you're saying. I'm sorry. Oh, I'm sorry. Perhaps I could... Oh, a little, yes. The next line was she talks about how Ricardo had friends who had brought a gun, and that was shortly after that point in which he said that they went to the Myers, and it was me, Ricardo, and friends of ours told friend, I assume that was Troubles, the woman who went with them, who were the third person in the vehicle, get in driver's seat when I went to his truck. And it was that point that the trial court said that the Gavisto and Siebel should have given Miranda warnings. And there's been no contesting of that below or in the prior appeal of Escuzia's case. Was this argument made below? No, it was not. Well, as far as the argument that the state didn't make that argument, I mean, this court confirmed on the basis of the record. We did argue that the defendant had forfeited this argument because he never argued Escuzia's statements were, of course, or in any way illegally procured below. In fact, we cited page 3337 of the record. The entire argument of defense counsel on that point was, so even though the state attorney's office would argue that the intervening circumstances of the co-defendant's statements in the squat car and then Ms. Escuzia's statement at the police station to break the causal connection between Mr. Gutierrez's illegal arrest and confession, we would argue that the purpose and flagrancy of police misconduct override that and warrant that his statement be suppressed. That's the whole of the defendant's argument below on that point. So essentially, the defendant has forfeited the argument by not addressing Escuzia's statements below. Can I ask you a question? Let's ignore the confession as an intervening factor. It didn't happen or we can't consider it. Are there other attenuating circumstances such as the passage of time that would support the trial court's ruling? Yes. There was approximately five to six hours between when the defendant was taken into custody by the Chicago police. During the entire time he was in police custody, was it? Well, he was custody as a term of art. I mean, this court in Gutierrez, the original case, clearly found that he was because the Chicago police had handcuffed him at the time. He was in custody for six hours. Yes. Was there time in between there where he had time to reflect? Oh, he was not questioned. He was allowed to go to the bathroom. There was nothing that mattered. And when you're talking about attenuation, I mean, the amount of time, just because they're in custody, attenuation takes that into consideration. It's not a they were released and then five hours later were questioned. Attenuation is simply the passage of time. Also, Miranda rights were given to Mr. Gutierrez at the time prior to his being interviewed. Do you consider that to be an attenuating factor as well? You're arguing about the time and the Miranda rights being recited immediately before? Correct. There's four attenuating factors that a court is supposed to consider. What do you want us to consider, ignoring the confession of the co-defendant? We have to ignore that. What other factors do you want us to consider in support of your argument that there's attenuation? The time, the fact that Miranda rights were given, and that we assert that there was not flagrant police misconduct in that once they it was the Chicago police that transported him in handcuffs. He was released from the Chicago police. The Plainfield police then transported him in the front seat of the vehicle. He was not questioned during the ride. He was allowed to ride in the front seat. There wasn't anything that would indicate during that ride that he was being Was he at the Plainfield police department when the Miranda warnings were read to him? Yes. In your co-dissent That I thought was the majority opinion You had indicated that there was no coercion, at least during Excusia's discussion Both attorneys are very lucky. The panel is very familiar with these cases. And unfortunate. Isn't there a case law that says that two of those four factors are considered to be the most important? Yes, flagrant misconduct and intervening circumstances. Okay. And with regard to flagrant misconduct. Do you include the approach to the telephone company and the pinging stuff? Well, there was a court has just said that that's not legal. Yes. And that, you know, no, I did not take that as part of the analysis. But, I mean, if you're asking, you would have to consider it as part of the analysis. What would be your response? My response was, first, you have to consider whether that's retroactive application of the law. Because at the time, the statutes that were being applied were not found unconstitutional. So there is a good faith assessment by actually by police in following with the statutes required. I would argue, yes, it would be. Second, the police did get a second search warrant or a search warrant for the second telephone search, if I'm recalling the record correctly. So there was at least a search warrant issued for some of the information that they received from the telephone companies. So I guess that would, I would say search warrant and good faith exception would apply if it was indeed generally unconstitutional under the Supreme Court's decision. Okay. So otherwise, we would stand on our brief and ask that this Court affirm. And if not affirm, then remand for new trial. Any other questions for Mr. McHenry? Thank you. Thank you. Mr. McHenry, any rebuttal? Just really two brief points. First, I want to clarify. As the opposing counsel stated that I didn't focus on the flagrancy of the police misconduct here in my oral argument. I'm certainly not waiving my argument to that effect in the briefs. As I argue in the briefs, People v. Clay is an important case because there the Court held that not only is what was done specifically to Mr. Gutierrez has to be considered, but when police use an illegally obtained statement of a co-defendant, everything they've done to the co-defendant is also considered as flagrancy in police misconduct. So the fact that they secured an involuntary statement, you know, violating the U.S. Seminole case law, Siebert, and in that respect, it has to also be considered in the analysis here. As the Court points out, the two most important factors, although there are four, are certainly whether or not there were intervening circumstances and the flagrancy of the misconduct. The illegal statement from Escudia applies to, therefore, both of those, the most important factors. And in our briefs, we rely on, like if you look at People v. Austin as an illustration of that effect, you have almost the same time gap as we have here. There it was like five and a half hours to five hours. Here we have approximately six hours between arrest and statement. Miranda warnings were given in both cases. There, arguably, the police misconduct was less than what we have here. And still, the Court said, no, this is improper. There's no attenuation. So based on those factors, there's no way to get around it. The State has failed to prove with clear and convincing evidence that the statement was admissible. Thank you, Your Honors. Thank you. We thank both of you for your arguments this afternoon. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The Court will stand in brief recess for a panel change.